IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| THOMAS SHANE TOBIAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:06-CV-163 |
| v. | § | |
| | § | |
| DAVIDSON PLYWOOD, A DIVISION OF | § | JUDGE RON CLARK |
| DO+ABLE PRODUCTS, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO STRIKE**

Plaintiff Thomas Shane Tobias seeks to strike Defendant's affirmative defense of workers' compensation immunity [Doc. # 22]. Because Defendant Davidson Plywood, a division of Do+Able Products, Inc. ("Do+Able"), has not disclosed a workers' compensation policy, the motion is granted.

**I. Background**

Tobias alleges that he was an employee of A.L. Staffing, Inc. d/b/a Spherion ("Spherion") and that he worked at the Do+Able plant in Diboll under an agreement between Spherion and Do+Able. While he was working at the Diboll plant, Plaintiff's glove became entangled with a saw blade and he ultimately lost his middle finger. Plaintiff alleges a cause of action for negligence – failure to train, failure to provide proper safety equipment, and failure to have a readily accessible kill switch. Defendant stated in its answer as an affirmative defense that Plaintiff's claims are barred under workers' compensation laws. At the Case Management Conference, the court instructed Do+Able to determine as quickly as possible if there was a workers' compensation policy in place that would affect recovery. There was no need for the

parties and court to waste time and money on a case barred by the workers' compensation statute. After initially stating that no such policy existed, Do+Able, in response to this motion, for the first time states that a workers' compensation policy exists.

## II. Law

<u>1. Texas Workers' Compensation Act</u>

This is a diversity action, and so the court must look to Texas law on substantive issues. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79-80, 58 S.Ct. 817, 823 (1938). The Texas Workers' Compensation Act ("TWCA") states that the "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer . . . for . . . a work-related injury sustained by the employee." Tex Lab. Code § 408.001(a). The Texas Supreme Court has stated that a defendant bears the burden of proof to show that this provision applies, but has not specifically stated that the exclusive remedy provision is an affirmative defense. *See Western Steel Company v. Altenburg*, 206 S.W.3d 121, 124 (Tex. 2006). The courts of appeal which have addressed this issue unanimously hold that this exclusive remedy provision is an affirmative defense. *See, e.g., Wesby v. Act Pipe & Supply, Inc.*, 199 S.W.3d 614, 617 (Tex.App.– Dallas 2006, no pet.)("Because an employer's status as a subscriber to workers' compensation is an affirmative defense, the duty is on the employer/defendant – not the employee/plaintiff – to plead and prove such facts."); *Morales v. Martin Resources, Inc.*, 183 S.W.3d 469, 471 (Tex.App.– Eastland 2005, no pet.); *Pierce v. Holiday*, 155 S.W.3d 676, 678 (Tex.App.– Texarkana 2005, no pet.); *Southeast Texas Ind. v. Helmerich & Payne*, 7 S.W.3d 181, (Tex.App. – San Antonio 2001, no pet.); *Quanaim v. Frasco Restaurant & Catering*, 17 S.W.3d 30, 43-44 (Tex.App. – Houston [14th Dist.] 2000, pet.

denied); *Brown v. Hopkins*, 921 S.W.2d 306, 318 (Tex.App.– Corpus Christi 1996, no writ); *Long v. Turner*, 871 S.W.2d 220, 225 (Tex.App. – El Paso 1993, writ denied).

To establish this defense, a defendant must show: (1) it was the plaintiff's employer within the meaning of the TWCA; and (2) the defendant was covered by a workers' compensation insurance policy at the time of the accident. *Western Steel Company*, 206 S.W.3d at 123.

2. Disclosure Requirements and Prior Discovery Orders

At the time this case was filed, Fed. R. Civ. P. 26 (a)(1)(B) required that a party must, without awaiting a request, disclose "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." In addition to the requirements of Rule 26, the Order Governing Proceedings stated that the parties must disclose "a copy of all documents, electronically stored information, witness statements and tangible things in the possession, custody, or control of the disclosing party that are **relevant to the claim or defense of any party** . . . ."(emphasis in original). *See* Order Governing Proceedings [Doc. # 7]. The Order required that initial disclosures be made by November 8, 2006. *Id.*

This initial Order also stated that "a party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in

3

support of a motion. A party is not excused from making its disclosure because it has not fully completed its investigation of the case." *Id.*; *see also* the Scheduling Order [Doc. # 11] (describing that evidence which is not disclosed will not be allowed at trial unless the failure to disclose is harmless).

     3. Sanctions

The court imposes discovery sanctions to: (1) secure compliance with the rules of discovery; (2) deter others from violating them; and (3) punish those who do violate them. *Nat'l Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781 (1976).

> The most severe in the spectrum of sanctions provided by statute or rule *must* be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)(emphasis in original)(quotations and citations omitted).

Here, the effect of excluding the workers' compensation policy is to strike Defendant's affirmative defense. For this reason, the court will consider both the factors for disclosure violations and for striking a defense.

     *a. Disclosure Violations*

Under Fed. R. Civ. P. 37(c), a party "that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." In evaluating whether a violation of Rule 26 is harmless, the court should consider: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the evidence to

4

come in; (3) the possibility for curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the disclosure requirements. *See Texas A& M Research Foundation v. Magna Transportation, Inc.,* 338 F.3d. 394, 402 (5th Cir. 2003). The burden is on the party who failed to disclose the information to prove that such failure is harmless. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999).

### b. Failure to Comply with Court Order and Inherent Power to Sanction

> [I[f a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following . . .
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated materials in evidence;
>
> (C) An order striking out pleadings or parts thereof, or rendering a judgment by default against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2); *see also Coane*, 898 F.2d at 1032. This court also has the inherent power to issue sanctions for conduct that is not effectively sanctionable pursuant to an existing rule or statute. *See Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952 (5th Cir. 2001). In determining whether to impose sanctions such as striking a defense under Rule 37 or this court's inherent power, the Fifth Circuit has articulated several factors for the court to consider: (1) Willfulness or bad faith by a party; (2) A clear record of delay; (3) Substantial prejudice to the opposing party; and (4) Whether a lesser sanction would not be appropriate. *Coane*, 898 F.2d at 1032; *Toon*, 250 F.3d at 952-53. In most cases, the conduct should be attributable, at least in part, to the client. *Coane*, 898 F.2d at 1032.

### III. Analysis

<u>1. Willfulness and Clear Record of Delay</u>

Prior to the Case Management Conference, the court requested that both Defense counsel and a corporate representative be present at the hearing. At the conference on November 15, 2006, this court asked both counsel, and Defendant's corporate representative, whether there was a workers' compensation policy that might bar the claims. Do+Able's counsel, with no disagreement from the representative, said there was a policy but she was not sure if it covered Tobias. The court reminded counsel of *Garza v. Excel Logistics, Inc.*, 161 S.W.3d 473 (Tex. 2005), which sets out Texas law governing workers' compensation in this situation.

Defense counsel, and Defendant's corporate representative, were specifically instructed by the court to work as quickly as possible to determine whether or not Defendant had a workers' compensation policy which covered Tobias, or, alternatively, whether Spherion had a policy which covered Tobias.

After two prior requests, in an email dated Friday December 15, 2006, Plaintiff's counsel asked Defense counsel for the third time, whether "Do+Able had a worker's compensation policy which covered Mr. Tobias?" *See* Pl's Ex. A. On that same date, Defense counsel responded that "Emerson [Do+Able's parent company] does not have such a policy." *Id*.[1] Some three months later, in response to this motion, Do+Able suddenly asserts that it has a policy which covers Tobias, but does not present this policy, or evidence of the policy, to the court. It is clear to the court that given the earlier instructions, either Defense counsel or Defendant, could have

---

[1] The emails also reveal that Spherion's workers' compensation policy, which was disclosed, did not cover Do+Able.

produced this policy at any time, but chose to represent that no policy which would cover Tobias existed. There is no evidence that this failure to disclose was somehow accidental or based on a misunderstanding – the court instructed both the party and counsel on the relevant law. There is a clear record of delay on the part of Do+Able without an explanation. The court concludes that Do+Able wilfully hid a material piece of evidence in bad faith.

### 2. Importance of the Evidence

Obviously, an affirmative defense can be important. However, Do+Able bears the burden to prove that it had coverage at the time of the accident. *See Western Steel Company,* 206 S.W.3d at 124. Even as of this date, Do+Able has not produced to the court a copy of a workers' compensation policy. Defendant has also only indicated that the policy would be provided to Plaintiff's counsel seven days after Defendant filed its response. There is nothing before the court to suggest that this happened.

It seems odd that no one seems to know if a policy exists when Texas law requires the employer to "post a notice of whether the employer has workers' compensation insurance coverage at conspicuous locations at the employer's place of business as necessary to provide reasonable notice to the employees." Tex. Lab. Code § 406.004(c). It should not be difficult for an employer and counsel to determine whether a policy existed. At a minimum, competent counsel would surely investigate the work place where the accident happened, and would have looked for the statutorily required postings. A phone call by counsel or the corporate representative to Defendant's insurance agent would have produced any policy in short order.

This apparent lack of effort suggests that the policy is not important to Defendant and not a key issue in this case. This is supported by the fact that Defendant did not move for summary

judgment on this issue, and has not argued that this issue is dispositive of the case.

### 3. Substantial Prejudice and Possibility of Continuance

Plaintiff states that after receiving Defendant's email, and in reliance on the fact that no policy was disclosed, Plaintiff incurred extensive expenses in this case, including hiring expert witnesses and conducting depositions. Additionally, the date for dispositive motions has already passed and discovery closes on May 2, 2007. The court concludes that to allow the introduction of the policy at this stage of the case would substantially and unfairly prejudice Tobias. There is also no indication that a continuance would cure the prejudice because Plaintiff has already incurred the costs, and already relied on Defendant's statement that no policy existed in pursuing this case.

### 4. Explanation for Failure

Defendant's stated explanation is that it failed to realize that the policy Emerson (and so Do+Able) had in place actually covered Mr. Tobias because Defendant was not sure Mr. Tobias qualified as an employee of Do+Able until after some discovery and further review of Texas law. At the Case Management Conference, the court actually provided the parties with citations to the Texas case governing the relevant issues.

An allegation that Defendant needed more time to develop a defense theory does not excuse, nor adequately explain, a failure to disclose information relevant to that defense. Moreover, even accepting that Defendant could not prove that Plaintiff was an employee of Do+Able until Plaintiff's deposition on January 29, 2007, Defendant still has not disclosed a copy of the workers' compensation policy to the court and has not provided any evidence to show a copy was provided to Plaintiff.

Defendant now states that it knew of this policy all along.  This means that Defendant knew of evidence crucial to an important legal and factual issue in this case and chose to hide it.  Defendant's late claim that it wants to keep the terms of the policy confidential is a very thin smoke screen.  Matters of confidentiality are carefully handled in this court.  At the management conference, the court asked Defendant's counsel and its corporate representative if Do+Able needed a protective order.  Do+Able never requested one.  Do+Able cannot now be heard to say that a protective order was necessary before it would disclose material evidence.

### 5. Consideration of Lesser Sanctions

This court has considered whether a lesser sanction should be imposed in this case, such as a monetary sanction.  This is not an ordinary case involving disclosure violations.  Given defendant's utter  disregard for this court's written orders and oral instructions, the court concludes that a lesser sanction will not adequately punish its violations, nor deter it and others from violating the discovery rules and this court's orders.  Even today, some four weeks after Plaintiff moved to strike Defendant's defense, there is no evidence that the policy has been produced to Plaintiff, and it certainly has not been sent in camera, or otherwise, to the court.  Moreover, the sanction imposed is only limiting Do+Able to the representations that were made to opposing counsel and this court.  Since Do+Able maintained no policy existed, it should not be surprised that the court will not allow a late disclosed policy to be presented.

### III. Conclusion

A party is not allowed to lie in wait behind a log and then ambush the other party with a key piece of evidence after extensive discovery and expenses have been incurred.  Do+Able chose not to disclose the policy.  In fact, Do+Able represented that no policy existed.  Under

these circumstances, the court will not allow evidence relating to the existence of Emerson's workers' compensation policy to be presented in this case.[2] Because the existence of a valid workers' compensation policy is an essential element of Defendant's affirmative defense, the court will strike the defense.

IT IS THEREFORE ORDERED that Plaintiff Thomas Shane Tobias' Motion to Strike [**Doc. # 22**] is **GRANTED**. Defendant Davidson Plywood's affirmative defense that Plaintiff's claims are barred under workers' compensation laws is **STRICKEN**.

So **ORDERED** and **SIGNED** this **30** day of **March, 2007.**

_____
Ron Clark, United States District Judge

---

[2] Because the granting of this portion of Plaintiff's motion renders the alternative requests for relief moot, the court does not reach those issues.